**Teresa J. NAPOLI, Appellant,**

v.

**Daniel R. CAVALIER, Appellee.**

**No. 2603.**

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 8, 1960.

Decided Sept. 21, 1960.

I. Irwin Bolotin, Washington, D. C., with whom Martin Mendelsohn and Philip J. Lesser, Washington, D. C., were on the brief, for appellant.

Donald K. Graham, Washington, D. C., with whom Alec A. Pandaleon and Spencer & Whalen, Washington, D. C., were on the brief, for appellee.

1. See Lee v. Dunbar, D.C.Mun.App., 37 A.2d 178.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

This appeal is from a summary judgment for plaintiff in an action on a promissory note. The complaint alleged the execution of the note, and the answer admitted it but alleged lack of consideration and failure of consideration. The affidavits supporting and opposing summary judgment disclosed that the note was given in consideration of the transfer of 51% of the capital stock of a corporation.

Appellant's claim of lack of consideration is based on her allegation that the corporation was insolvent and the stock worthless. However, no claim is made that the stock was represented to be of any particular value, and as appellant was already the owner of the other 49% of the stock and active in the business, it is obvious she was fully informed as to its value. The transfer of the stock was legal consideration for the note.

Appellant's claim of failure of consideration is based upon her allegation that appellee in agreeing to transfer the stock also agreed to resign as president of the corporation and that he failed to do so. No claim is made that appellee's failure to resign in any way damaged the corporation or appellant, and again it is obvious that appellant as owner of the entire stock of the corporation was in a position to demand and require appellee's resignation at any time she chose.

The last claim of error asserts that "there is a serious question of fact as to whether there was a meeting of the minds in the execution of the note and whether the act in signing the note was her act." This claim is based apparently on appellant's claim that she signed the note at the direction of appellee's attorney, but there are no allegations that appellant signed under duress or fraud or that she was not fully aware of what she was doing and of the nature of the transaction.

Summary judgment was properly granted.

Affirmed.